

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

June 10, 1971

Mr. Thomas W. Brown, Administrator
Texas Board of Private Detectives,
  Private Investigators, Private
  Patrolmen, Private Guards and
  Managers
509 Sam Houston State Office Bldg.
Austin, Texas 78701

Opinion No. M- 884

Re: Construction of Article
4413 (29bb), V.C.S.
with regard to denial
of license to a person
convicted of a felony.

Dear Mr. Brown:

In your recent letter you have referred to Article
4413 (29bb), Vernon's Civil Statutes, specifically to Sections
3(a) and 18 of that statute, and requested our opinion as to
whether your Board can deny a license to an applicant on the
ground that he or she is a convicted felon regardless of the
date of the conviction.

Section 18 provides, in part, as follows:

"After a hearing the board may deny a license
unless the applicant makes a showing satisfactory
to the board that the applicant, if an individual,
has not, or if the applicant is a person other than
an individual, that its manager and each of its of-
ficers, directors, and partners have not

" (1) . . .

" (2) . . .

" (3) committed any act resulting in conviction
of a felony or a crime involving moral turpitude;"

We are of the opinion that this provision of the
statute makes discretionary with the Board the question of
whether a license will be denied because of conviction of a
felony. The applicable rule of statutory construction is
stated in 53 Texas Jurisprudence 2d 31-32, Section 16 as follows:

-4310-

" . . . On the other hand, 'may' ordinarily connotes discretion or permission, and it will not be treated as a word of command unless there is something in the context or subject matter of the act to indicate that it was used in that sense."

In accord, see Attorney General Opinion No. V-753 (1948).

Section 3(a) of Article 4413 (29bb) reads, in part, as follows:

"(a) A person is entitled to apply for a license under this Act who

"(1) . . .

"(2) . . .

"(3) is of good moral character and temperate habits, who is not a convicted felon;"  (Emphasis added.)

Strictly read, Section 3(a) would conflict with Section 18, but we are of the opinion that the later Section 18 controls and modifies Section 3(a) and is, therefore, the controlling language with respect to the discretion given the Board in the matter of a felony conviction.

This interpretation is given Section 3(a) under the rule of construction stated in 53 Texas Jurisprudence 2d, Statutes, Section 160, page 231, as follows:

"Each part of the statute is to be considered in connection with every other part and with the entire enactment, in order to produce a harmonious whole and to reach the true legislative intent. . . . It follows that a provision will not be given a meaning out of harmony with other provisions and inconsistent with the purpose of the act, though it would be susceptible of such construction if standing alone."

No reason exists for including in Section 18 a provision that the Board may refuse a license because of a felony conviction if the Legislature had intended to completely bar such person at the application stage. Such inclusion would be futile. Section 3(a) of the statute does not have any application to those persons whose felony convictions have been pardoned, since the operation and effect of a full pardon is to remove all penal consequences and legal disabilities incident to the conviction. 44 Tex. Juris. 2d 13, Pardons, Reprieve, etc., Sec. 12, and cases there cited. We hold that the Board may, in its discretion under Section 18, grant a license to a convicted felon who has not received a full pardon.

Your letter in effect inquires whether the Board may consider the time elapsed since a felony conviction. We are of the opinion that the Board may consider this fact, along with the letters required of the police department and sheriff's department under Section 34, and that the Board may weigh all the relevant facts called for under the statute in exercising its discretionary powers.

Having considered the elapsed time and all other relevant facts, it is within the legal power of the Board to grant or deny the license.

## S U M M A R Y

Article 4413 (29bb), Vernon's Civil Statutes, makes discretionary with the Board of Private Detectives, Private Investigators, Private Patrolmen, Private Guards and Managers, the decision as to whether a license as a private detective, private investigator, private patrolman, or private guard will be denied because of conviction of a felony, and the Board may consider the lapse of time since a conviction along with all other matters required or authorized by the statute.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by James S. Swearingen
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Larry Craddock
J. C. Davis
Malcom Smith
Scott Garrison

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant